William P. McCooe, J. P.
(dissenting in part). I disagree only with that part of the majority decision which found as a matter of law that the commencement of this eviction proceeding was not in retaliation for the tenant having successfully prosecuted a personal injury action against the landlord based upon a condition in the building. A question of fact is present which precludes summary judgment.
Real Property Law § 223-b (1) (b) entitled “Retaliation by landlord against tenant” states in relevant part that a landlord shall not commence a proceeding to recover real property in retaliation for actions taken in good faith by a tenant to enforce rights under the lease or law of the State of New York regulating residential premises. The commencement of the personal injury action against the landlord based upon a condition in *166 the subject building implicates a breach of the lease and section 78 of the Multiple Dwelling Law. Whether this eviction proceeding was brought in retaliation for commencing that action presents a question of fact which cannot be summarily determined. Weil v Kaplan (175 Misc 2d 482 [App Term, 2d Dept]) is distinguishable since the statute does not apply to an owner-occupied two-family house.
Since the statute speaks of actions or complaints by the tenant, the filing of two petitions for high income rent deregulation by the landlord are not within the statute. In any event, by definition retaliation applies to actions previously taken by the tenant against the landlord.
The order should be modified to the extent of directing a trial on the specified issue only.
Davis and Suarez, JJ., concur; McCooe, J. P., dissents in part in a separate memorandum.